UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mohamed Quaraish,

    Plaintiff,

vs                                                                        Case No: 11-11352
                                                                       Honorable Victoria A. Roberts

American Steamship Company,

    Defendant.
_____/

**ORDER**

    Pending before the Court are three motions in limine. They are fully briefed. The Court rules as follows:

    1. Defendant's Motion in Limine Precluding Evidence or Testimony Related to the Circumstances of the Accident. This motion is **DENIED**. Although the Defendant admitted liability, the circumstances of how Plaintiff was injured may still be relevant on the issue of damages. Plaintiff says such testimony is necessary to support his damage claim that he was in fear of imminent death from falling or being crushed. Also, statements made for purposes of medical diagnosis or treatment, which includes statements as to how an injury occurred, are admissible under FRE 803(4).

    2. Plaintiff Motion in Limine: No Speculation on Alternate Causes of Symptoms. This Motion is **DENIED**. Plaintiff wants to preclude testimony that his injuries were legally caused from a different injury, suffered either before he joined Defendant's vessel or after he disembarked. The Court will allow the Defendant to present evidence of degenerative changes in Plaintiff's thoracic spine that predated the injuries at issue

here; such evidence is relevant to a determination of the appropriate amount of damages. Such evidence may support the defense that Plaintiff was already injured and was not further traumatized, and would a relevant to a jury's consideration of the potential aggravation of a preexisting injury. A jury will need to be able to fix an amount of money that will reasonably and fairly compensate Plaintiff.

    3. Plaintiff's Motion in Limine to Preclude Dr. Newman's Family History. This Motion is **GRANTED**. The defense will not be able to solicit testimony that Dr. Newman, Plaintiff's medical expert, is involved in a family business offering "professional witness" services. It is not relevant that Dr. Newman's father founded the Detroit Institute of Physical Medicine and Rehabilitation and that Dr. Newman's father and brother were deposed in multiple personal injury related cases. Such testimony may be more prejudicial than probative.

    **IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 8, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 8, 2012.
>
> S/Linda Vertriest
> Deputy Clerk